IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



| | | |
|---|---|---|
| RICHARD JIMINEZ, Individually and on behalf of all others similarly situated, | § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. B-12-40 |
| STRIPES LLC, | § § | |
| Defendant. | § | |

## OPINION & ORDER

BE IT REMEMBERED, that on May 29, 2012, the Court **GRANTED** Defendant Stripes LLC's ("Stripes") Motion to Transfer Venue from the Brownsville Division to the Corpus Christi Division of the Southern District. Dkt. No. 6.

Plaintiff brought this lawsuit in the United States District Court for the Southern District of Texas in the Brownsville Division alleging violations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq.* Dkt. No. 1. Specifically, Plaintiff alleges Stripes failed to abide by the federal statute and federal regulations requiring postings for the imposition of ATM surcharges. *Id.* The ATM at issue in this case is owned and operated by Stripes and located at 100 W. Riley, Freer, Texas. *Id.*

Freer, Texas, where the events giving rise to this lawsuit took place, is located in Duval County, Texas, within the Corpus Christi division. Stripes' headquarters is located in Corpus Christi, Texas. Stripes seeks to transfer this case from the Brownsville Division to the Corpus Christi Division pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). Dkt. No. 6. Plaintiff did not file a response to Stripes' motion.

The parties agree that venue is proper in the Southern District of Texas pursuant to 28 U.S.C § 1391. The federal venue statute is based on "judicial districts," not "divisions." 28 U.S.C. § 1391; *see Tapia v. Dugger*, 2006 WL 2620530, at *2 (W.D. Tex. Sept. 7, 2006). Therefore, under the facts in this case, venue is proper in either the Brownsville Division or

the Corpus Christi Division of the Southern District of Texas. Title 28, United States Code, Section 1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." Thus, the Court may, in its discretion, transfer this case to the Corpus Christi Division if doing so is in the interests of justice and for the convenience of the parties and witnesses. *See Tapia*, 2006 WL 2620530, at *3.

Stripes has the burden of showing good cause for the transfer. *See In re Volkswagen of America, Inc.*, 545 F.3d 304, 314 (5th Cir. 2008). This burden "reflects the appropriate deference to which the plaintiff's choice of venue is entitled." *Id.* In order to show good cause, Stripes must show that the Corpus Christi Division is "clearly more convenient" than the Brownsville Division chosen by Plaintiff. *Id.* The Fifth Circuit has held that the public and private interest factors laid out in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), apply in determining convenience to the parties and the interests of justice under § 1404(a). *Id.* The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.* (quoting *In re Volkswagen, AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

Upon consideration of the record, the Court finds that this case should be transferred. The Court finds that most, if not all, sources of proof are located within the Corpus Christi Division. The Court further finds that Stripes' witnesses reside within the Corpus Christi Division, and Plaintiff has not brought to the Court's attention any witnesses that reside in the Brownsville Division, other than Plaintiff. *See* Dkt. No. 1; Dkt. No. 6; *Tapia*, 2006 WL 2620530, at *3, *4; *see also Gipson v. City of Mexia*, 248 F.3d 1139 (5th Cir. 2001).

Although the additional costs of attendance for witnesses may not be high, it would be more convenient for the witnesses if this case were transferred. *See* Dkt. No. 6; *Tapia*, 2006 WL 2620530, at *3, *5. Plaintiff resides in the Brownsville Division but Stripes' headquarters is located in the Corpus Christi Division. *See* Dkt. No. 1; Dkt. No. 6. In addition, the factual incidents involved in this case occurred entirely within the Corpus Christi Division. *See* Dkt. No. 1; Dkt. No. 6; *Gipson*, 248 F.3d at 1139; *Tapia*, 2006 WL 2620530, at *3, *4. Finally, the Court finds that the only applicable public interest factor weighs in favor of transfer. The Corpus Christi Division has an interest in resolving this case, as the case involves a resident of that division and the incidents took place within that division. *See Tapia*, 2006 WL 2620530, at *3, *6. Therefore, the Court concludes that Stripes has shown that the Corpus Christi Division is "clearly more convenient" than the Brownsville Division and met its burden of showing good cause to transfer this case.

Based on the foregoing, the Court **GRANTS** Defendant Stripes LLC's Motion to Transfer Venue from the Brownsville Division to the Corpus Christi Division of the Southern District of Texas. Dkt. No. 6. Therefore, this case is hereby **ORDERED** to be transferred to the Southern District of Texas, Corpus Christi Division.

DONE at Brownsville, Texas, on May 29, 2012.

Hilda G. Tagle
United States District Judge